IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-261 |
| | § | |
| DERRICK W. BUCKNER | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Derrick W. Buckner's Motion for Reconsideration of Defendant's Motion to Suppress ("Motion") [Doc. # 21], to which the United States filed a Response [Doc. # 26]. The Court reopened the suppression hearing for additional evidence. Based on the Court's consideration of the evidence in the record and the relevant legal authorities, the Court **grants** Defendant's Motion.

### I.    BACKGROUND

On December 13, 2007, Sgt. Kerry Richards was conducting "hot spot surveillance" when he observed a Dodge Magnum being driven slowly around a McDonald's parking lot. After the driver of the Magnum saw Sgt. Richards's unmarked van, a passenger jumped from the Magnum and ran into a nearby apartment complex. The Magnum left the parking lot, moving at an appropriate speed onto a

public street.  Sgt. Richards decided to investigate whether the driver of the Magnum was involved in narcotics trafficking and hoped to conduct a pretextual traffic stop to further that investigation.

Sgt. Richards followed the Magnum, which turned onto a three lane road in Houston.  The Magnum's driver used his turn signal before making the turn and drove properly, traveling at or near the speed limit.  Sgt. Richards subsequently observed the Magnum's left wheel cross the lane dividing line by one or two inches two or three times over an unspecified distance.  There were no cars ahead or next to the Magnum during this period, and the drivers of other cars in the area did not react to Defendant's vehicle crossing the lane dividing line.  The weather was clear.  Sgt. Richards stopped the Magnum for failing to maintain a single lane.  Defendant, the driver of the Magnum, advised Sgt. Richards that he had a firearm.

A criminal records check revealed that Defendant was a convicted felon. Defendant was arrested and subsequently indicted in this Court for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Defendant moved to suppress all evidence obtained from the traffic stop, and the Court conducted a hearing on the motion.  The United States presented its witnesses.  When it appeared that defense counsel did not intend to cross-examine the

witnesses thoroughly, the Court questioned the witnesses. The Court denied the Motion to Suppress at the conclusion of the hearing.

Defendant then filed the current Motion, arguing for the first time that the stop for failing to maintain a single lane was improper because there was no evidence that Defendant could not safely cross the lane dividing lines. The Court reopened the suppression hearing to allow the United States to address the new issue.

**II.    ANALYSIS**

Under *Terry v. Ohio*, 392 U.S. 1 (1968), an investigative vehicle stop is proper "only when the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Zavala*, __ F.3d __, 2008 WL 3877232, *7 (5th Cir. Aug. 22, 2008) (citing *United States v. Martinez*, 486 F.3d 855, 861 (5th Cir. 2007)). "Although a 'mere hunch' will not suffice, a 'reasonable suspicion' need not rise to the level of probable cause." *Id.* (citing *United States v. Lopez-Moreno,* 420 F.3d 420, 430 (5th Cir. 2005)). The first inquiry when determining whether a vehicle stop was proper is whether "the officer's action was justified at its inception." *Id.* (citing *United States v. Brigham,* 382 F.3d 500, 506 (5th Cir. 2004) (*en banc*)). The United States bears the burden of proving in this case that the stop was supported by reasonable suspicion that Defendant violated a traffic law. *See, e.g., United States v. Powell*, 137 F. App'x. 701, 703 (5th Cir. 2005).

Under Texas law, a driver on a roadway clearly divided into two or more lanes must drive "as nearly as practical entirely within a single lane" and may not move from that single lane "unless that movement can be made safely." *See* TEX. TRANSP. CODE § 545.060. Simply swerving across a lane dividing line is not itself a traffic violation. *See Eichler v. State of Texas*, 117 S.W.3d 897, 900 (Tex. App. – Houston [14th Dist.] 2003, no pet.). Instead, a violation of Texas Transportation Code § 545.060 occurs only when there is movement from one lane into another "*and* the movement is not safe or is not made safely." *See Hernandez v. State of Texas*, 983 S.W.2d 867, 871 (Tex. App. – Austin 1998, pet. ref'd) (emphasis in original). The government must show that, given the totality of the facts and circumstances known to the law enforcement officer who made the stop, the movement could not have been made safely. *See Eichler*, 117 S.W.3d at 900.

In this case, it is undisputed that Defendant moved from one lane partially into another. The dispositive issue is whether, at the time of the stop, Sgt. Richards had a reasonable suspicion that the movement was not made safely.

Sgt. Richards testified at both the initial suppression hearing and at the continuation of the hearing that he considered it to be a violation of Texas law when the left tire of Defendant's vehicle crossed the lane dividing line by approximately one inch. Sgt. Richards also testified that he believed crossing the line was itself an

adequate legal basis to stop Defendant's vehicle. It is clear from this testimony that Sgt. Richards, at the time of the stop, did not consider whether the movement of the vehicle one inch across the dividing line was or was not safe. Having failed to consider the issue at all, Sgt. Richards could not have had a reasonable suspicion at the time the stop was made that the movement was not made safely.

The Court recognizes that, during the continuation of the suppression hearing, the United States through leading questions elicited testimony from Sgt. Richards regarding ways that lane-crossing can be unsafe generally. There is no persuasive evidence in this case, however, that Sgt. Richards suspected at the time of the stop that Defendant was driving under the influence of drugs or alcohol. There is no evidence in this case that Defendant's tire crossing two or three times approximately one inch into the adjoining lane had any impact on other drivers in the area. Moreover, it is clear from the testimony that Sgt. Richards did not consider any of these safety issues as a basis for a reasonable suspicion *at the time of the stop* that Defendant's lane crossing could not be done safely.

Having failed to consider whether Defendant could safely move from his lane, Sgt. Richards lacked a reasonable suspicion at the time of the traffic stop that Defendant had violated Texas Transportation Code § 545.060. The Motion to Suppress is granted.

## III.   CONCLUSION AND ORDER

The United States has failed to show that Sgt. Richards, at the time he stopped Defendant's vehicle on December 13, 2007, had a reasonable suspicion that Defendant's crossing over lane dividing lines was unsafe. Consequently, it is hereby

**ORDERED** that the Motion for Reconsideration of Motion to Suppress [Doc. # 21] is **GRANTED**.

Signed at Houston, Texas, this 4th day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge